By the Court.—Garvin, J.
Several breaches oi an agreement between the parties are set out in the complaint:
I. A failure to make returns of the work done by a machine for cleaning coffee, and to pay over on the first of every month a certain per centage for every bag of coffee and shimmings passed through Newell’s cylinder process or machine.
II. Not keeping the machine in active operation, and neglecting to make the same available and productive, as provided for in the agreement between the parties, for which plaintiff claims damages and costs.
The defendant answers that the right to use the invention, machine, and process, turned out valueless ; deny the breaches set forth in the complaint, and claim that they have kept and performed all the conditions in the agreement.
That they were unable to make the machine profitable, by reason of its own inherent worthlessness.
The defendants also set up a counter-claim for the purchase money, and claim reimbursement therefor, by reason of fraud on the part of the plaintiff.
The action was tried before a justice of this court and a jury.
Hie jury rendered a verdict for the plaintiff, and the court assessed the damages at twenty-three thousand and forty-four dollars and ninety-one cents.
The court ordered the exceptions to be heard in the first instance at the general term.
Evidence was given by the defendants upon the question of diligence and good faith in keeping the machine in operation ; and in endeavoring to procure employment for it; as to rendering periodical accounts of work done by the machine, of *138 earnings and per eentage belonging to plaintiff, and as to how much of this per eentage had been paid by defendants to the plaintiff.
Elbridge T. Gerry, for the plaintiff, respondent.
William D. Booth, for the defendant, appellant.
All these issues were controverted, and were questions of fact for the jury.
The court erred not only in not submitting these questions to the jury, but also in taking from the consideration of the jury the question of damages.
The true rule of damages in this case is the plaintiff’s per eentage upon the difference between the account rendered and paid to the plaintiff by the defendants of coffee passed through the machine, and the amount that by reasonable or proper efforts the defendants could have procured and passed through it.
If the accounts were not accurate as rendered, then the plaintiff would be entitled to his per eentage upon the work actually done, not embraced in the accounts, in addition.
We think the exceptions on the part of the defendants are well taken, and must be sustained.
A new trial should be ordered, with costs to the defendants to abide the result.
Monell and Jones, JJ., concurred.
The plaintiff’s counsel, after the opinion had been rendered, made a motion at a subsequent general term, for leave to re-argue the case, upon grounds which fully appear in the opinion of the court.
By the Court.*—Robertson, Ch. J.
This was a motion on the part of the plaintiff for a re-argument of a former motion for a new trial made by the defendants, upon exceptions taken at the trial, and directed to be heard in the first instance at the general term, on which an order had been made granting a new trial. It was made upon three grounds :
I. That the court, in its opinion delivered on granting such *139 motion for a new trial, had assumed facts disproved by the record, and misstated them in such opinion.
II. The rule of damages laid down in such opinion was based upon such erroneously assumed facts; and
Lastly. That the court having all the facts before it, should have corrected any excess of damages, when there was only a question of amount, instead of granting a new trial.
The action was brought to recover damages for the non-performance by the defendants of certain undertakings alleged to have been entered into by them in March, 1858, by a certain instrument in writing then signed by all the parties ; such instrument relates to the use by the defendants of a certain coffee cleaning and polishing machine, for which the plaintiff had in Hovember previous taken out letters patent. The defendants, Wheeler, Lacey & Roundey, were at the time of signing such instrument, partners in business, as dealers in coffee, under the name of Wheeler, Lacey & Co.
Such instrument, after reciting the grant to the plaintiff of the letters patent for such machine, and a desire of the defendants to become interested, granted an indefinite interest therein upon certain conditions, which followed. These were—
That a certain sum ($5,000) having been paid, and certain different specified sums being payable for every bag of merchantable coffee or skimmings that passed through the process conducted by such machine, the defendants were to keep and render to the plaintiff accurate monthly accounts of the bags of coffee submitted to such process, and pay him on the first of every month the sums so to be paid to him. But, if the defendants failed to perform any part of such agreement, it was to become void and of no effect; the gross sum so paid ($5,000), with a wire cylinder to be furnished by the plaintiff, was to be forfeited to him. The. second condition mentioned in such contract was that the five thousand dollars paid to the plaintiff was to be refunded out of the earnings of the machine whenever the plaintiff’s share exceeded -two thousand dollars. The third condition mentioned in such agreement was, “ that the plaintiff was not to be prejudiced by any misunderstanding or litigation or other contingencies between the defendants,” but that his interests should “ be kept inviolate by keeping in active operation the machinery therein contemplated *140 and used by the defendants, so that it may be made available and productive and payable, as thereinbefore provided for.” The fourth condition stated in such instrument was that the defendants should make no sale or transfer of such patent rights except by the plaintiff’s consent, indorsed on and made part of such agreement. After such conditions, such instrument, in consideration of them, and in compliance therewith on the part of the defendants, assigned to them “ the exclusive right of using such patent right in the States of Bew York and Connecticut,” and, with the exception of two counties, which the plaintiff reserved to himself, the State of Bew Jersey.
A privilege was also given therein to the defendants to commute the payment of the sums reserved to be paid to the plaintiff on each bag of coffee passing through his machine -by paying a certain sum ($15,000). The plaintiff also bound himself thereby to prosecute all offenders who infringed on such patent, and to furnish iron cylinders^ desired in addition to that one agreed by him to be furnished, at the price of six hundred dollars each.
The complaint, after setting out such agreement, and the compliance by the plaintiff with every obligation entered into by him thereby, alleges as breaches thereof—
1. A failure by the defendants to make monthly returns of the number of bags of coffee passed by them through the plaintiff’s process, and pay him the sums stipulated in such agreement therefor, although a large number of bags were passed through such process ; and,
2. A neglect by the defendants “to keep the plaintiff’s interest in such agreement inviolate by keeping in active operation the machinery in said agreement, contemplated and used by the defendants, and make the same available and productive.”
It prays damages for such neglect so to keep such interest inviolate, and demands any other equitable relief fco which the plaintiff may be entitled.
The defendants’ answer sets up, by way of counter-claim, a demand for the five thousand dollars paid by them for the grant of the right to use the plaintiff’s patent, which sum they allege was obtained by knowingly false representations of tne *141 plaintiff as to the benefits to be derived from submitting coffee to the patented process, conducted by his machine. The defendants also set up. as a defense, such false representations; controvert any neglect to make monthly returns of coffee submitted by them to the plaintiff’s process ; deny rendering any false ones, and allege payment of all sums due the plaintiff for the bags of coffee so submitted by them to such process. They set out particular defects in the process of the plaintiff, rendering it valueless, and preventing persons from having coffee submitted thereto, and allege it to be wholly worthless.
On the trial, some evidence was given of the unsuccessful efforts of the defendants to procure work for such machine, which is referred to in the opinion of the court. Some evidence was also given of the insufficiency of accounts rendered by the defendants of the work done by a machine furnished by the plaintiff according to his patent, referred to in such agreement, and consequent deficiencies in the payments made by the defendants of the agreed tolls for work done by such process specified in such agreement.
On the trial, the judge before whom the action was tried took away from the jury “ all consideration of the question whether the defendants had exercised diligence and good faith in "" * keeping the machine in operation and endeavoring to procure proper employment for it,” and instructed them that the only question for them was whether the plaintiff had been guilty of any fraud in effecting the sale to the defendants,” and directed them if they found for the plaintiffs, to find a certain sum (twenty-three thousand and forty-four dollars and ninety cents), for their damages. This sum was claimed to be arrived at by multiplying the lowest toll mentioned in such agreement of March, 1858 (six cents), by the number of bags wffich the evidence showed could be cleaned by such machine daily (two hundred and nine), and that again by three hundred, as the number of working days in each year, and that again by nine, as the number of years it could be worked, and deducting the five thousand dollars paid, and a certain sum (nine hundred and fifty-three dollars and nine cents), paid by the defendants to the plaintiffs for the tolls due him under such agreement. To all of which withdrawals, directions and instructions, defendants excepted.
*142 The plaintiff" now applies for a re-argument of the motion for a new trial on exceptions of the defendants, taken on the trial and ordered to be heard, in the first instance, at general term. Such motion is made, not upon the ground of any oversight or mistake upon a question of law, but of a misunderstanding, by the court, of facts or evidence in the case, which has induced it to think that certain questions of fact ought to have been submitted to the jury, and with their submission the question of damages also ; and also upon the ground that if there was any error in the damages the court could and should have corrected it by the evidence, by giving the plaintiff an opportunity of remitting the excess. Such an application is rather a novel experiment in correcting judicial errors, by bringing the opinion of one general term before another, differently constituted, for the purpose of criticizing the soundness of its views upon the facts which the evidence before it tended to establish. Such a mode of review, whatever deference may be paid to, or felt for, the action of the former general term, would be very apt to lead to disrespectful comments upon the conduct of the court, and, at least, to reflections on the diligence with which the case has been examined on the first occasion. For this reason, it seems to me both just and proper that the moving party should secure from the prior court some acknowledgment of oversight or error, in order to make such a proceeding very decorous.
It is true no courts are infallible; but the usual mode allowed by law for correcting the errors is by appeal; and it is only in courts of last resort, where there is no other remedy for an oversight or mistake, that re-arguments are permitted, unless in extraordinary cases; and there only upon the failure to present or notice an important legal question, or a recent statute or decision (Mount v. Mitchell, 19 Abb. Pr., 1; S. C., 32 N. Y, 702). It is only upon some acknowledgment of error by an inferior court, that the same court should tolerate a re-argument, which may delay a decision of the case without any benefit gained, but a possibility of a change of opinion. It is clear no re-argument should be ordered merely for a present apparent preponderance of evidence on one side, when the evidence is conflicting, and a previous general term has decided against the preponderance of such evidence. A new trial, or an appeal, is the proper remedy for such error. In this case, therefore, it will only be *143 necessary to examine the evidence so far as to ascertain whether there were any material facts upon which there was such evidence as to require them to be submitted to the jury, and perhaps whether they were those mentioned in the former opinion of this court.
The opinion of this court, delivered in this case at a former general term, which is made the basis of the present application for a re-argument, placed its order for a new trial upon two grounds: 1. That certain questions of fact were not submitted to the jury, which ought to have been; and, 2. That the question of damages was not submitted to them;—the latter being perhaps rather a consequence of the former. It also took occasion to lay down what it considered the true rule of damages, as founded upon the result of the finding of the jury upon such questions of fact. Those questions of fact are, diligence and good faith of the defendants in keeping the plaintiff’s machine in operation, the propriety of the accounts rendered by them of the work done by such operation, and lastly, the correctness of the amounts paid to the plaintiff as his share of the earnings by such operations.
It seems to have been assumed, both on the trial and the former argument, that by the agreement of March, 1858, entered into by the parties, the defendants undertook to keep in operation and make every effort to supply with work, while so in operation, the machinery alluded to in such agreement, and for which the plaintiff furnished the iron cylinders mentioned in such agreement, and which is called therein “ the machinery herein, contemplated and used ly the defendants,” merely to enable the plaintiff to receive the specified tolls. This appears to have been done on the assumption that the exception to the third of the conditions mentioned in such agreement, upon which the plaintiff assigned the right of using his patent, and in which such machinery is mentioned, created an obligation to run such machinery constantly on the part of the defendants for the plaintiff’s benefit. For the purpose of testing the plaintiff’s right to a re-argument, upon the first ground urged, to wit: that there was no evidence in the case authorizing the submission of the questions of fact, alluded to in the opinion of this court already mentioned to the jury, I shall assume, for the present, that the defendants were so bound. The grounds of the *144 motion, as urged, are that the court mistook and misstated the facts upon the argument before us. The only facts alleged, in the opinion of the court, on which a new trial was granted, to have been misstated, are that “ evidence was given by the defendants upon the question of diligence and good faith in keeping the machine in operation, and endeavoring to procure employment for it,” and also as to the other matters before mentioned, as to accounts and payments. Assuming that evidence may properly be designated as “ facts,” the plaintiff’s counsel seems to labor under an error in supposing that he has detected an oversight in such statement. In the first place there was evidence that the machine was kept by the defendants in running order, and it is to be found in the letter of the defendants, Wheeler, Lacey & Company, dated in May, 1862, introduced by the plaintiff, and the testimony of the defendants, Lacy & Bandolpli, and the brother of the latter.
The defendant Bandolph testified that “ he had solicited custom for it,” and “ urged its use.” His brother (Lewis) testified that he knew of such efforts of the former, and made efforts himself for the same purpose. A great deal of evidence was given to show the worthlessness of the process, the reluctance of coffee dealers to use it, and the unsaleability of coffee prepared by it, which sustained the futility of such efforts. The plaintiff’s counsel was, therefore, evidently mistaken in supposing that there was no evidence to go to the jury upon the question of the defendants’ good faith in endeavoring to keep such machine employed. But it is said there is overwhelming evidence in the case, that the defendants, by their abuse of the process and the use of deleterious ingredients, had ruined the reputation of the machine, and thus rendered their own efforts to procure work for it abortive. Assuming this to be so, the court clearly do not appear to have mistaken or misstated any facts in relation thereto ; it may have been in error in regard to the law, and supposed that such misconduct of the defendants, if proved, did not deprive them of the right of showing, as a defense to the plaintiff’s action, that they could not, with reasonable diligence, have procured work for the machine; but that furnishes no reason for a re-argument, whatever ground it may form for an appeal. But I am not prepared to say, and no part of the testimony has been pointed out to us sufficient to justify the as *145 sertion, that the evidence as to the injury done by the defendants’ acts to the character of the machine, and its consequent disuse, was so overwhelming as to have warranted the judge on the trial in withdrawing the consideration of that question, if material, from the jury, and instructing them that the disuse of the machine by customers was due to such misconduct of the defendants. The use of plumbago to give color to the coffee, and soapstone to make its refuse rise and be thrown off, was the principal cause of complaint. There was conflicting evidence as to the propriety of their use, and the witness, Louis Randolph, testified that the plaintiff instructed him that “ when the coffee was a little old and dry, and it would not come up very quick, a little soapstone would assist it,” and to use plumbago ‘‘ to color the bleached peas, to make it look ail sound, beautiful colored dark eofiee.” That he “ only used it a month or six weeks, and possibly once or twice since, and only in extreme cases, and when the beans were very badly bleached,” and that generally they did not use them. The plaintiff, it is true, denied such statements under oath, and testified that he remonstrated with such witness for running the machine at too great speed, producing excessive heat, which caused the reáult, rendering the use of soapstone necessary; but such remonstrance, as well as the result, was denied by the witness ; so that the evidence was sufficiently strong on both sides, and so conflicting as to have warranted the learned judge before whom the cause was tried, in submitting to the jury the questions, whether the defendants’mode of using the machine had destroyed its character, and if it did, whether such mode of using it had not been sanctioned by the plaintiff. Such a state of the evidence is very far from convicting the court of so mistaking and misstating facts in stating in their opinion that there was evidence ot the good faith and diligence of the defendants in employing such machine, as to justify a re-argument. If they were right in that view, the order for a new trial was correct, without reference to the other facts mentioned in the opinion, which are the rendering of accounts and payments to the plaintiff, on which, we think, on a thorough re-examination of the case, there was sufficient evidence to warrant the submission of the questions of fact contained in them to the jury, unless the de *146 fendants were not to be made liable for what they did, but only for what they omitted to do.
It is not necessary to give such evidence in detail. It is true the amount paid to the plaintiff was agreed upon, but the amount due depended upon the work done, and evidence was given of what work the machine could do, to throw on the defendants the burthen of proving that the machine has done less from causes beyond their control. In any event, a mistake at general term in such matters on the part of the court, will not affect questions on a new trial, where the evidence may be entirely different.
The question of damages was clearly one which should have been left to the jury, if the diligence and good faith of the defendants in procuring employment, and their actual employment of the machine, were proper questions to be considered by them.
The rule of damages, as laid down in the former opinion of this court, seems to me to be the only one applicable to the case, as it came before it, if the defendants are to be made liable at all. How far such rule will be applicable in any future trial cannot be known ; but I have been unable to find, either expressly or by implication, in the agreement of March, 1858, any undertaking by the defendants to run the machinery under the plaintiff’s patent at all. Such instrument consists of three parts: first, a grant of an undefined interest in the plaintiff's patent for certain considerations, and upon certain conditions, which are specified, and a forfeiture of the rights of the defendants to the money paid in case of failure on their part to perform what they undertake thereby; second, a grant of an interest, which is described in such patent, in consideration of such preceding conditions; and third, an agreement by the plaintiff to allow the defendants to commute their payment of a portion of the profits received for a gross sum, to prosecute for infringements of the patent, and to furnish cylinders at a certain price. The only clause relied upon to create an obligation of the defendants to run such machine is, that in the third condition of that part of such agreement, that grants an indefinite interest in the plaintiff’s patent, that provides that the plaintiff should not be prejudiced by “ any misunderstanding or litigation between the defendants, *147 but his interest should be kept inviolate by keeping in active operation the machinery therein contemplated and used by the defendants, or their successors, so that it may be made available and productive and payable, as therein provided.” But such agreement contained no provision for making it available and productive, but only one for paying certain sums if it were.
I feel at a loss to understand how a mere exception to a condition of a grant can be construed by itself into a positive undertaking, particularly as, while stating that such machinery is to be kept in operation, it does not state by whom. The whole instrument was evidently a grant of a right to use a patent in certain States for a specified sum and a toll on every bag of coffee on which it was employed, which sum was to be deducted from any future earnings: the use of the machine by the defendants was to depend on their own sense of self-interest. A remedy for the omission of the defendants to perform any part of such agreement was expressly provided, in such instrument, for the plaintiff, by a forfeiture of the specified sum paid ($5,000), and the large iron cylinder to be furnish ed by him. If the defendants found it to their interest to go on, they were entitled to be reimbursed the sum so paid, out of the plaintiff’s share of the money of such machine. If the defendants were bound to work the machine and did not, the plaintiff could have sequestrated the sum received by him, cancelled the grant, taken back his cylinder, and carried on the operations himself. In the face of such an express provision, I do not see how any contract could be implied to work the machine, or the defendants be liable for all damages sustained by not doing so. Such questions will, however, in any event, have to be disposed of on the new trial ordered.
In regard to the question of damages, it could not have been disposed of until the finding of the jury upon the other material facts was determined, and, therefore, the failure of the court to order a deduction instead of a new trial, which is always a matter of discretion, forms no legal ground for complaint.
The motion for a reargument is therefore denied, with costs.

 Present, Robertson, Ch, J., and Monell and Garvin, JJ.