By the Court:

Monell, J.
It is entirely clear to me that the ground upon which the General Term placed its decision was not presented by the appeal, and could not properly be considered. There teas no appeal from the order allowing the amendment, nor any objection made to substituting the Supervisors as defendants. Upon an appeal from a judgment, only questions of law can be raised, and such questions must be presented in the form of objections and exceptions.
Whether the defendants have been properly summoned in the action, cannot be examined on an appeal unless the objection was taken below, and then the objection and exception must appear in the case.
If in this case the consent of the Corporation Counsel was ultra vires, then undoubtedly the Supervisors were not properly in court, and all the proceedings, including the verdict and judgment, were wholly void; and the remedy was by motion at Special Term, to vacate all the proceedings. Such motion can be made at any time now, on proof that the Supervisors have not been summoned to defend the action, and, in my judgment, it is the only remedy they have.
The printed case contains no objections or exceptions, nor the statement of any fact, which could warrant the General Term in reversing the judgment, on the ground that the amendment was allowed upon insufficient authority. As the summoning of the defendants relates to the regularity of the proceedings, it will be assumed that it is regular until it otherwise appear. Therefore, in the case, as it was presented to the General Term, the Court, it seems to me, was bound to assume, in the absence of any ob *219 jection to the validity or sufficiency of the consent, that it was sufficient, and should have left the defendants to their motion to have the judgment vacated.
But the General Term decided otherwise, and held, in a written opinion, that the question was before them, was sufficiently presented by the appeal papers, and might be considered. It was examined, and after deliberation the verdict and judgment set aside.
The question, therefore, is whether, under these circumstances, another General Term will order a reargument, the effect of which will be to open the appeal for a reexamination, and place it in the power of the Court to reverse the decision already made.
The grounds upon which a reargument may be applied for are fully stated in the cases of Newell v. Wheeler (4 Rob., 190), and of Trinity Church v. Higgins (id., 372), and in the ease of Mount v. Mitchell (32 N. Y. R., 702). Those grounds are of a nature that the Court, entertaining the motion, need not impugn the correctness of a former decision made upon the facts and the law as it was before the former Court.
For, as was said in Trinity Church v. Higgins, supra, it would be indecorous to allow what would be substantially an appeal from one set of judges to another set of judges of the same Court. Hnless, therefore, it is alleged that the former Court overlooked some material fact or statute, or failed to notice some important legal question or recent decision, it would be subversive of every good end to subject its- decisions to a new examination by a different set of judges. Indeed it would greatly impair, if not wholly destroy, the harmony which ought to exist in courts of justice, and which alone can render their administration effective and useful.
Should we grant the motion of this case we should, in effect, say that the former General Term made an erroneous decision upon a question which they had as much right to say was properly and sufficiently before it as we have to say that, in our judgment, it was not properly or sufficiently before it.
The result would .be that one term of the Court would reverse *220 the decisions of another term, and the administration of justice would become a “ by-word and a reproach.”
But the plaintiff is not without a remedy. An appeal can be taken to the Court of Appeals, and the error, if there be any9 corrected there. Should the plaintiff deem it advisable to have it corrected in that way, a reversal of the decision of the General Term, and an affirmance of the judgment entered on the verdict, would still leave the question of the regularity of the proceedings to bring the defendants into court to be presented on a motion to set the proceedings aside; and if the Court, on such motion, should decide that the consent of the Corporation Counsel-was ultra vires, the judgment and verdict would fall to the ground.
The motion for a reargument should be denied.