By the Court.—Freedman, J.
This is a motion
for a re-argument of the appeal from the judgment entered upon the report of a referee. It is the settled practice of this court not to grant a motion of this character upon grounds which question the correctness of the former decision made upon the law and the facte as they were before the former general term (McGarry v. Board of Supervisors, 1 Sweeny, 217).
It is conceded that- the appeal has been regularly heard and decided upon the merits, but it is claimed that the general term, in disposing of it, overlooked an important question arising upon the evidence, and that such oversight worked a reversal of the judgment.
The fundamental question of fact arising upon the issues and involved in the appeal was, for what purpose the note in suit had been given to the plaintiff.
The defendant had insisted, by answer and upon *303 the trial, and Forman, the payee, had testified upon the trial, that the note was given as collateral security for prior advances, which were afterwards fully repaid.
The plaintiff had testified that no such arrangement was made, that there was no understanding according to which future advances were covered, but that he discounted or purchased the note absolutely.
The referee, disregarding the testimony of both Forman and the plaintiff, found, as a fact, that the note was given as security for future advances.
This finding the general term declared to be wholly unsupported by the evidence, and the judgment was reversed and a new trial granted for the reason that the ultimate decision of the referee was founded upon a theory which was materially erroneous, and the general term could not properly determine the facts upon the conflicting testimony presented by the case. That such conflict existed and still exists, becomes apparent on a mere inspection of the printed case ; and that all the questions relating to prior as well as subsequent advances, and of the payments made on either, and their respective application by operation of law or the agreement of the parties, were fully presented to the consideration of the court, appears from the printed points submitted by counsel on the former argument. We must assume therefore,-that all these questions were duly considered. Moreover, it sufficiently appears from the opinion of the court that the question claimed to have been overlooked, although distinctly raised by the pleadings, has been noticed and passed upon.
Under these circumstances we cannot open the appeal for a re-examination. The case of McGarry v. Board of Supervisors (supra), is decisive upon this point.
The motion for a re-argument must be denied.